Filed 10/6/20  P. v. Higareda CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079521 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CR-05346) |
| v. | |
| JESSICA HIGAREDA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Stephanie-Louise Jamieson for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Meehan, J. and DeSantos, J.

Defendant Jessica Higareda was released to a pretrial electronic monitoring program. At sentencing, she was given no conduct credits for her time on pretrial electronic monitoring. On appeal, she contends that the denial of conduct credits for pretrial electronic monitoring violated constitutional equal protection principles. The People agree. We accept the People's concession, remand the matter to the trial court to award full conduct credits for defendant's pretrial electronic monitoring, and affirm in all other respects.

## PROCEDURAL SUMMARY

On October 5, 2018, the Merced County District Attorney charged defendant with residential burglary (Pen. Code, §§ 459, 462, subd. (a);[1] count 1), and four counts of receiving stolen property (§ 496, subd (a); counts 2, 3, 4 & 5).

On December 5, 2018, the trial court released defendant on a pretrial electronic monitoring program (§ 1203.018).

On March 21, 2019,[2] defendant pled no contest to count 1 and the court dismissed counts 2 through 5 on the prosecutor's motion.

On April 16, defendant filed a motion for an award of conduct credits for her time served on pretrial electronic monitoring. She argued that since persons in postsentence electronic monitoring receive conduct credits, equal protection required that persons in pretrial electronic monitoring also receive conduct credits.

On May 16, the trial court denied defendant's motion, deciding that it would award actual custody credits but deny conduct credits for defendant's time served on pretrial electronic monitoring. On the same date, the trial court sentenced defendant to three years on felony probation, required her to serve one year in jail as a condition of probation, and continued the matter for a hearing on calculation of credits.

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    All further dates refer to the year 2019.

2.

On June 12, the trial court awarded 205 days of actual credit for the time spent in jail and on pretrial electronic monitoring and 64 days of conduct credit for the time served in jail.

On June 20, defendant filed a notice of appeal.

## DISCUSSION[3]

Defendant argues that, because participants in pretrial and postsentence home detention programs are similarly situated for purposes of conduct credit eligibility, and because participants in postsentence home detention programs are awarded conduct credits, it is a violation of constitutional equal protection principles for participants in pretrial home detention to not also receive conduct credits. The People agree, as do we.

We begin with the constitutional guarantees of equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) " ' "[N]o person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in their pursuit of happiness." [Citations.]' " (*People v. Yanez* (2019) 42 Cal.App.5th 91, 95 (*Yanez*).) Similarly situated persons may " 'not be treated differently unless the disparity is justified.' " (*Ibid.*) A defendant advancing an equal protection claim must therefore establish that he or she is similarly situated to a class of persons receiving better treatment and that the better treatment is not justified. (*Ibid.*)

Pretrial and postsentence home detention programs are governed by different statutes. "Section 1203.018 authorizes counties to offer a program under which pretrial detainees being held in a county jail or correctional facility may participate in a home detention program under specified conditions." (*Yanez, supra*, 42 Cal.App.5th at p. 93; accord § 1203.018, subd. (b).) "Section 1203.016, by contrast, governs home detention

---

**3** Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

postsentencing.  It authorizes counties to create electronic home detention programs in which certain inmates may be placed 'during their sentence,' under specified conditions, 'in lieu of confinement in a county jail or other county correctional facility or program.' " (*Yanez*, at p. 94, quoting § 1203.016, subd. (a).)  The conditions for participation in pretrial and postsentence home detention programs are virtually identical.  (Compare § 1203.016, subd. (b)(1)–(4) with § 1203.018, subd. (d)(1)–(4); *Yanez*, at p. 94.)[4]

Despite the similarities between the statutes, as defendant correctly notes, only postsentence home detainees are awarded conduct credits pursuant to section 4019. (§ 4019, subd. (a)(7) [authorizing awarding of custody credits for postsentence detainees pursuant to § 1203.016 but making no mention of pretrial detainees under § 1203.018].)

The court in *Yanez* considered this issue and concluded that pretrial and postsentence detainees are similarly situated for purposes of eligibility for conduct credits (*Yanez*, *supra*, 42 Cal.App.5th at p. 98), yet are disparately treated without a "legitimate, much less a compelling, reason" for the difference in treatment (*Id*. at p. 100).  (See generally *id*. at pp. 95–101.)  We agree.  " '[U]nder the current statutory framework, a pre[ ]trial jail detainee and post[ ]sentence jailed convict both receive conduct credits' " (*id*. at p. 100; § 4019, subd. (a)(1), (4), & (6)), whereas a pretrial home detainee receives *no* conduct credits, but a postsentence home detainee *does receive* conduct credits (*Yanez*, at p. 100; § 4019, subd. (a)(7)).  " 'There is no legitimate reason for this to be so.' " (*Yanez*, at p. 100.)  Defendant must be awarded the same conduct credits for pretrial home detention that would be awarded to a postsentence home detainee.

---

**4**     Both statutes require a participant to "remain within the interior premises of his or her residence during" designated hours (§§ 1203.016, subd. (b)(1); 1203.018, subd. (d)(1)), "admit any person … designated by the correctional administrator into his or her residence at any time" for compliance checks (§§ 1203.016, subd. (b)(2); 1203.018, subd. (d)(2)), use "electronic monitoring … devices" (§§ 1203.016, subd. (b)(3); 1203.018, subd. (d)(3)), and agree to serve any remaining sentence in a correctional facility if the defendant is not in compliance with various participation conditions (§§ 1203.016, subd. (b)(4); 1203.018, subd. (d)(4)).

## DISPOSITION

We remand the matter for the trial court to calculate the amount of conduct credit for which defendant is entitled under section 4019. The trial court is directed to issue a minute order reflecting the amended credits calculation and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.